UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALLACE,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN STEWART COMPANY, et al.,<br><br>            Defendants. | Case No.  25-cv-04433-WHO<br><br>**ORDER RESOLVING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 70, 71, 72, 73, 75, 76, 78, 80, 82, 83, 84, 85, 86 |

The parties have filed numerous motions related to plaintiff David Wallace's ("Wallace") Third Amended Complaint ("TAC").  Defendant John Stewart Company ("JSC") moves to dismiss the TAC on the belief that each claim is barred by the applicable statute of limitations. Motion to Dismiss [Dkt. No. 70].  It also seeks to strike Wallace's request for punitive damages. Motion to Strike [Dkt. No. 71].  Wallace, in turn, filed a Fourth Amended Complaint ("FAC") and a request to utilize the FAC as his operative complaint.  Amended Complaint Fourth [Dkt. No. 73]; Fourth Motion to Amend/Correct [Dkt. No. 75].  He also filed a one-sided discovery dispute regarding purportedly overdue discovery responses, *see* Fourth Discovery Letter Brief [Dkt. No. 78], and a motion to compel JSC to respond to a set of interrogatories and to produce certain evidence, *see* Supplemental Motion to Compel [Dkt. No. 81].

JSC's motion to dismiss and strike is GRANTED.  The TAC fails to allege facts that would indicate his claims meet the statute of limitations.  Nor has he established "oppression, fraud, or malice" to sustain a claim for punitive damages.  And the TAC presently does not identify the conduct of each individual defendant that would warrant claims to be brought against them.  Wallace's motion to amend, in turn, is DENIED.  Wallace cannot bring new defendants at the eleventh hour and after numerous rounds of motion practice.  The motion to compel is

United States District Court
Northern District of California

similarly DENIED, as Wallace failed to meet and confer with defendants in good faith prior to filing his motion.

### I.    Motion to Dismiss

JSC first moves to dismiss the TAC on the grounds that each claim is barred by the applicable statute of limitations. Dkt. No. 70. Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured

by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000), *abrogated on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

### A.    Counts I and III – Fair Housing Act

Wallace's first cause of action asserts violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. *See* TAC ¶¶ 45–48. Wallace claims that "[d]efendants discriminated against [him] by failing to provide equal access to housing opportunities because of disability and race, including perceived race or surname-based bias ("Wallace"), in violation of 42 U.S.C. §§ 3604(b), (f)(2)." *Id.* ¶ 46. He also alleges that defendant CSI "interfered with [his] housing rights by removing him from the one-bedroom waitlist without notice in 2020 and 2023, delaying his applications, and ignoring [his] inquiries." *Id.* ¶ 47. Finally, Wallace asserts that "[d]efendants' conduct also violated 42 U.S.C. § 3617, which prohibits coercion, intimidation, or retaliation for exercising fair housing rights." *Id.* ¶ 48.

The Fair Housing Act sets a two-year statute of limitations for private individuals filing suit. 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . ."). The Supreme Court has clarified, however, that "where a plaintiff, pursuant to the Fair Housing Act, challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely when it is filed within [the statutory period, running from] the last asserted occurrence of that practice." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380–81 (1982). "Congress has since codified this continuing violation doctrine by amending the FHA to include both 'the occurrence [and] *the termination* of an alleged discriminatory housing practice' as events triggering the two-year statute of limitations." *Garcia v. Brockway*, 526 F.3d 456, 462 (citing 42 U.S.C. § 3613(a)(1)(A)) (emphasis added).

3

Here, Wallace's complaint, brought on May 23, 2025, alleges that defendant CSI Support & Development "interfered with Plaintiff's housing rights by removing him from the one-bedroom waitlist without notice in 2020 and 2023, delaying his applications, and ignoring Plaintiff's inquiries." TAC ¶ 47. JSC argues that it is "apparent on the face of the [FAC] that specific actions alleged occurred well after the applicable statute of limitations," including conduct in 2019 and 2020. Dkt. No. 70 at 7. JSC does not discuss whether the continuing violation doctrine applies to the TAC. Certainly, had Wallace brought his Fair Housing Act claim solely based on conduct that he discovered in 2019 or 2020, dismissal under the statute of limitations would be proper. Here, however, the TAC alleges conduct that occurred as recently as 2023 to 2025. While it is unclear whether such conduct forms the basis of his Fair Housing Act claim, it is plausible that it may fall within the statute of limitations under the continuing violation doctrine. Accordingly, I DISMISS this claim WITH LEAVE TO AMEND to allow Wallace to plead more facts that show his claim is timely.

I note an additional concern. Many defendants in the TAC are only identified once in the "Parties" section.[1] This is particularly troublesome as applied to Wallace's Fair Housing Act claim, which seemingly alleges that "defendants" as a collective engaged in discriminatory practices against him. *See* TAC ¶¶ 45–48. Because the TAC fails to "provide sufficient notice to all of the Defendants as to the nature of the claims being asserted against them," including "what conduct is at issue," Wallace must be more specific about who engaged in what conduct, when, and how that conduct violated the Fair Housing Act. *See Villalpando v. Exel Direct Inc.*, Nos. 12-cv-04137 JCS, 13-cv-03091 JCS, 2014 WL 1338297, at *5 (N.D. Cal. Mar. 28, 2014) (Spero, M.J.). Failure to be more specific on amendment will result in dismissal with prejudice.

### B.    Count II: Violations of the Americans with Disabilities Act

Wallace also brings a claim for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* TAC ¶¶ 49–51. Here, Wallace alleges that defendants "failed to

---

[1] This includes defendants Anita Michaels, Armando Garcia, "Ms. Kash," Josephine Cobarrubias, Dominique Robinson-Ward, Liz Cervantes, Isa Woods, Darla Huttinger, Edna Tavera, Stacy Cohen, and Wes Gassert.

provide reasonable accommodations and imposed unnecessary verification requirements in violation of HUD Handbook 4350.3 ¶ 2-33 and California Government Code § 12927(c)(1)." *Id.* ¶ 50.  He also maintains that defendants "discriminated against [him] because of his disabilities and it seems due to his race and last name Wallace." *Id.* ¶ 51.

"Title II of the ADA [does not] contain an express statute of limitations." *Lane v. Lake Cnty. Housing Comm'n*, 724 F. Supp. 3d 1026, 1037 (N.D. Cal. 2024) (Breyer, J.).  "In the absence of a federal statute of limitations, federal courts 'borrow the statute of limitations applicable to the most analogous state-law claim.'" *Id.* (quoting *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015)).  For Title II claims, the Ninth Circuit has recognized that "California Government Code § 11135 . . . is the nearly identical state-law counterpart to Title II that expressly incorporates Title II's protections," and thus establishes a three-year statute of limitations for such claims. Dismiss Mot. at 7; *Sharkey*, 778 F.3d at 770.

Wallace alleges that he made "several written and verbal ADA accommodation requests for assistance with communication by email, and verification tracking, and his cognitive, memory and other disabilities," but that defendants "ignored [them] and failed to engage in an interactive process to accommodate [his] disabilities." TAC ¶¶ 32–33.  He does not provide any information concerning when such requests were made or denied.  Without that information, I cannot determine whether his claim satisfies Title II's statute of limitations.  I accordingly DISMISS this claim WITH LEAVE TO AMEND to allow Wallace to clarify the timeline of his allegations.

### C.    Count III: Retaliation and Interference

Wallace's third cause of action asserts that "[a]ll defendants retaliated against [him] for exercising his fair housing rights by obstructing applications and submitting false declarations." TAC ¶ 53.  He also claims that "[a]ll defendants' conduct constitutes unlawful interference under 42 U.S.C. § 3617 and 24 C.F.R. § 100.400(c)." *Id.* ¶ 54.  Much of this claim is duplicative, as Counts I and III both assert claims under Section 3617 of the Fair Housing Act.  The allegations also appear to substantively overlap in the factual allegations on which they apply.  Where claims are not meaningfully distinguished, they may be dismissed as duplicative.  I DISMISS this claim WITHOUT LEAVE TO AMEND.  Should Wallace wish to bring claims of unlawful interference

United States District Court
Northern District of California

and retaliation, he may do so only through a single cause of action asserting violations of the Fair Housing Act.

### D.    California Civil Rights Statutes

Wallace's final cause of action is for "California Civil Rights Violations."  TAC ¶¶ 55–57. Wallace claims "[a]ll Defendants' conduct violated the Unruh Civil Rights Act [the "Unruh Act"] (Cal. Civ. Code § 51 et seq.) and the Fair Employment and Housing Act ["FEHA"] (Cal. Gov. Code §§ 12955–12956.2), which prohibit discrimination, retaliation, and harassment in housing transactions."  *Id.* ¶ 56.  He also raises individual claims against CSI, JSC, and RG for "race and ancestry discrimination" under Section 51(b) of the Unruh Act and Section 12955(a) of FEHA. *Id.* ¶ 57.

Under FEHA, plaintiffs must file an administrative complaint with the California Civil Rights Department within three years of the alleged violation and then have one year to file a right to sue notice.  *See* Cal. Govt. Code § 12960.  And while the Unruh Act has no specific statute of limitations period incorporated into the statute, when a discrimination claim under the Act is "not derived from common law, '[a] three-year statute of limitations applies.'"  *Birdwell v. AvalonBay Cmtys., Inc.*, 742 F. Supp. 3d 1024, 1052 (N.D. Cal. 2024) (Tigar, J.) (quoting *Adams v. Cmty. Hous. P'ship*, No. 23-cv-06073-WHO, 2024 WL 1643682 (N.D. Cal. Apr. 15, 2024) (Orrick, J.)).

Wallace's California claims are DISMISSED with leave to amend.  The TAC does not provide any facts that could be plausibly interpreted as suggesting Wallace filed an administrative complaint with the California Civil Rights Department and received a right to sue.  And while some of the conduct alleged by Wallace may plausibly fall within the three-year statute of limitations for an Unruh Act violation, he has not pleaded enough facts showing how "[a]ll defendants" are implicated.  *See* TAC ¶ 57.  Nor has he explained how CSI, JSC and RG were engaged in "race and ancestry discrimination," as his only allegations are conclusory statements that Wallace suffered "perceived race or surname-based bias."  *Id.* ¶¶ 46, 57.

## II.    Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

United States District Court
Northern District of California

Civ. P. 12(f). The function of a motion to strike under Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing of those issues before trial. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citation omitted). Motions to strike "are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Rosales v. Citibank*, 133 F. Supp. 2d 117, 1180 (N.D. Cal. 2001). In most cases, a motion to strike should not be granted unless 'the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

JSC moves to strike Wallace's request for punitive damages. Dkt. No. 71. That request is GRANTED. California Civil Code section 3294 governs whether a party may seek punitive damages for a noncontractual breach of obligation. *See* Cal. Civ. Code § 3294. Under this section, a plaintiff may recover punitive damages by showing, by "clear and convincing evidence," that the other party "has been guilty of oppression, fraud, or malice." *Id.* § 3294(a). Here, the TAC requests "punitive damages for willful misconduct and to deter future misconduct." TAC Prayer for Relief ¶ e. I agree with JSC that the TAC, as currently pleaded, does not sufficiently identify by "clear and convincing evidence" that JSC—or any defendant—engaged in conduct amounting to "oppression, fraud, or malice." Cal. Civ. Code § 3294(a). But it is plausible that Wallace could allege facts in an amended complaint that would meet this standard. Accordingly, I will GRANT the motion to strike WITH LEAVE TO AMEND so Wallace can clarify how that defendants' conduct meets the standard for punitive damages.

## III.    MOTION TO AMEND/CORRECT

Wallace filed a motion for leave to file his FAC on March 27, 2026. *See* Dkt. No. 75. The FAC seeks to add new claims and new parties, including Foundation Housing, The Pennant Group, Inc. d/b/a Pennant Housing Group, and Alex Kakavas. *See* FAC [Dkt. No. 75-1] ¶¶ 21–23. It provides new information on each individual defendant. *Id.* at ¶¶ 66–164. It also describes the basis for his request for punitive damages. *Id.* ¶¶ 207–17. In his motion for leave, Wallace argues that he filed the FAC "in good faith to clarify the allegations, parties, and claims at issue, to

7

streamline the pleadings, and to better present the factual basis of the case." *Id.* at 2. He also pointed out that he is proceeding *pro se* and *in forma pauperis*, and that the FAC was "not filed for delay, harassment, or tactical gamesmanship, but to improve clarity and efficiency in the litigation." *Id.* And because "service has not yet been completed on the newly added defendants," he believes that granting leave would be appropriate. *Id.*

Federal Rule of Civil Procedure 15(a) "permits a party to amend its pleading once as a matter of right any time before a responsive pleading has been served." *Misle v. Schnitzer Steel Indus., Inc.*, No. 15-cv-06031-JSW, 2017 WL 661366, at *2 (N.D. Cal. Feb. 17, 2017) (White, J.) (citing Fed. R. Civ. P. 15(a)). "Once a responsive pleading has been served, however, the amendment requires written consent of the adverse party or leave of the court, and leave 'shall be freely given when justice requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)). "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In deciding whether to grant leave to amend, courts may consider "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the moving party previously amended a pleading." *Misle*, 2017 WL 661366, at *2 (cleaned up) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013)). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

While the liberal amendment policy embodied in Federal Rule 15(a) typically counsels in favor of amendment, this is not one of those cases. Wallace has now attempted to file four amended complaints, each seeking to add new defendants. *See* Dkt. Nos. 9, 48, 54, 73. This has forced the case to enter a "prolonged discovery stage," as JAC notes. Dkt. No. 80 at 5. At this stage, Wallace certainly "should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.3d 1385, 1388 (9th Cir. 1990). He has not provided any indication suggesting otherwise. I conclude that amendment to add new claims or parties would cause an undue delay and would be unduly prejudicial to JSC. *See Lockheed Martin Corp. v. Network Sols.*, 194 F.3d 980, 986 (9th Cir. 1999). Leave to amend is not warranted in

United States District Court
Northern District of California

8

such circumstances.

## IV.    Discovery Disputes

### A.    Discovery Letter and Motion to Compel

Wallace filed a one-sided discovery dispute on April 8, 2026. *See* Dkt. No. 78. He alleges that after serving written discovery on JSC, he granted a request to extend the response deadline to March 17, 2026. *Id.* ¶¶ 1–2. At the time of filing the discovery dispute, defendants had yet to respond. *Id.* ¶ 3. But on April 10, 2026, Wallace confirmed that he "received [defendants'] responses on April 8, 2026." *See* Motion to Compel Further Responses [Dkt. No. 81] ¶ 3. While JSC claimed that its "discovery responses were served on March 17–18, 2026," Wallace alleges he never received those responses. *Id.* He later discovered that the "email address used [by defendants] was incorrect, and no copies were received by U.S. Mail as requested." *Id.* From this, Wallace believes that service was improper, and JSC's responses were untimely. *Id.* And now he seeks an order compelling JSC to submit further responses to his requests for production. *Id.* ¶ 14.

Wallace's motion fails. He did not fully meet and confer with defendants regarding this dispute. *See* Defendant JSC's Opposition to Plaintiff's Motion to Compel ("Compel Oppo.") [Dkt. No. 84] at 4. Federal Rule 37(a)(1) states, in relevant part, that a motion to compel disclosure or discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Wallace emailed counsel for defendants on April 8, 2026 about the overdue discovery responses and what he believed to be deficient discovery responses. Declaration of Timothy S. Lam in Support of Defendant's Opposition to Plaintiff's Motion to Compel ("Lam Decl.") [Dkt. No. 85] ¶ 8. Counsel for defendant then "wrote an email to [Wallace] telling him that there [were] some responses that [counsel] acknowledged needed to be amended," but that the parties needed to "further meet and confer . . . to clarify as to what [we]re his specific issues with each request." *Id.* ¶ 9; Lam Decl. Ex. 2. Instead of participating in a good faith meet and confer, Wallace filed his motion to compel. *Id.* ¶ 10. Wallace's failure to meet and confer with JSC prior to filing this motion to compel violates both the Federal Rules and my Standing Orders. *See Soto v. City of Concord*, 162 F.R.D. 603, 623

United States District Court
Northern District of California

(N.D. Cal. 1995) ("Sending a letter to the opposing party demanding compliance with a discovery request is not what this Court regards as an earnest attempt to 'meet and confer' on the issues. Rather, a live exchange of ideas and opinions is required."); J. Orrick Civ. Standing Order ¶ 4 ("A mere exchange of letters, e-mails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer."). His request to compel is DENIED.

### B.    Motion for Attorney's Fees

Having prevailed on Wallace's motion to compel, counsel for JSC requests attorney's fees. Compel Oppo. at 5. That request is DENIED. Federal Rule 37(a)(5)(B), which governs discovery disclosures, notes that if a motion to compel is denied, a court may "require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(b). But a court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

As described above, Wallace was not substantially justified in bringing his motion prematurely, as he did not explain or justify why he failed to meet and confer with defendants in good faith. That certainly militates in favor of granting attorney's fees. But Wallace proceeds both *pro se* and *in forma pauperis*. *See* Dkt. No. 6. While courts in this Circuit have found that "a pro se litigant proceeding *in forma pauperis* is not, standing alone, sufficient to insulate [them] from an award of fees under Rule 37," courts are reluctant to issue fees if the party made at least *some* effort to confer with the opposing counsel. *See Barren v. Robinson*, No. 2:11-cv-00650-RLH-CWH, 2014 WL 12625106, at *2 (D. Nev. July 16, 2014). Here, while Wallace ultimately failed to meet and confer sufficiently with defendants, he "did make an effort to confer with [defendants] prior to filing the motion." *See id.* "That effort, when combined with Plaintiff's status as a pro se litigant proceeding *in forma pauperis*, would make an award under the circumstances unjust." *Id.* While I decline to make an award of fees this time, I will not hesitate to award fees in the future. *See id.*

### CONCLUSION

For the foregoing reasons, JSC's motion to dismiss and motion to strike are GRANTED

United States District Court
Northern District of California

WITH LEAVE TO AMEND, with the exception of Count III (Retaliation and Interference), which is GRANTED WITHOUT LEAVE TO AMEND. Wallace shall have fourteen (14) days from the date of this Order to file an amended complaint addressing the deficiencies identified above, but not to add new claims or parties. Wallace's motion for leave to file his presently written FAC, as well as his motion to compel, are DENIED.

I recognize that the pleadings will not be settled by the close of discovery on May 30, 2026. I do not intend to extend the discovery period absent good cause, which could be shown in a properly presented joint discovery dispute letter if material documents have not been produced. I will address any requests to change case deadlines during the Case Management Conference on June 9, 2026. The Joint Case Management Statement is due June 2, 2026.

**IT IS SO ORDERED.**

Dated: May 11, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California

11